[No. 1512. Decided March 9, 1895.]

A. I. SMITH, *Respondent*, v. RICHARD DELANTY *et al.,*
*Appellants.*

JUDGMENT LIENS—EFFECT OF MODIFICATION OF JUDGMENT.

Code Proc., § 1397, providing that "when a judgment is modified all liens and securities obtained under it shall be preserved to the modified judgment," applies as well to judgment liens upon personalty as upon realty.

The fact that a judgment has, in form, been set aside and vacated and a new one entered, will not destroy the lien of the former judgment, as provided by Code Proc., § 1397, when the new judgment is of the same tenor and effect, with but a proportionately slight reduction in the amount, and is, in truth, a modification of the original judgment.

*Appeal from Superior Court, Jefferson County.*

*Warren Carroll, Charles E. Patterson,* and *R. W. Jennings,* for appellants.

*George H. Jones,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The title and right to possession of certain personal property situated in Jefferson county are involved in this action. Prior to March 9, 1894, such property belonged to and was in the possession of John Fitzpatrick and Alice Fitzpatrick, his wife. On that day it was levied upon by the sheriff under an execution issued upon a judgment against said John and Alice Fitzpatrick in favor of William Bishop, one of the appellants. By virtue of such levy the sheriff advertised the property for sale and retained possession thereof until he made a further levy thereon under another execution issued as hereinafter stated. While the sheriff was so in possession the said John and Alice Fitzpatrick made a bill of sale of the property to A. I. Smith, the plaintiff in the action. This bill of sale was executed on the thirty-first day of March. On the twenty-seventh day of March the sheriff was served with an order restraining him from proceeding in the service of the execution until the further order of the court. Thereafter, on the second day of April, such proceedings were had in the original action of *Bishop v. Fitzpatrick,* that the judgment upon which the execution had issued was set aside, and a new one entered therein of the same force and effect as the prior one except that the amount was reduced in the sum of $90. Execution was issued on the new judgment and placed in the hands of the sheriff, who levied the same upon the property then in his hands by virtue of the former

execution, which was then returned with the statement of the facts as to its further service having been temporarily, and afterwards permanently, restrained.

The principal question for decision is as to the effect of the proceedings in the original action, subsequent to the levy of the first execution, upon the lien thereby created upon the property in question. On the part of the appellants it is contended that the proceedings had were of the same legal effect as though the original judgment had been modified by striking therefrom the sum of $90, or the collection of that much of the entire amount restrained; while the contention on the part of the respondent is that since the first judgment was set aside and further proceedings under the execution issued thereon permanently restrained, all rights flowing from such judgment were terminated; and that the claim of the appellants can date only from the time of the levy under the second execution, at which time the judgment debtors did not own the property.

If the proceeding, in the action, upon the 2d day of April was a modification of the former judgment, the lien of the execution issued thereon before modification would continue and inure to the benefit of the lien created by a levy of the execution issued upon the judgment as modified, and give it the same force as though the levy thereunder had been made at the date of the levy under the former execution. See § 1397, Code of Procedure.

It is claimed by the respondent that the liens which are preserved to the modified judgment by the provisions of this section are those upon real estate and not those upon personal property. But we are unable to find any warrant in the language used for such distinction; nor would a construction which makes such a distinction conform to our ideas of justice. If justice

requires that a lien upon real property acquired under a judgment shall inure to the benefit of the lien when renewed under the modified judgment, there is no reason why one upon personal property should not have the same effect.

From what we have said, it must follow that if the proceedings under consideration resulted in a modification of the former judgment, the lien of the execution upon the modified judgment is superior to the claim of title on the part of the plaintiff, for the reason that when aided by the lien acquired under the former execution it dates back to a time when the defendants in the execution had title to the property, and the plaintiff Smith had no claim whatever thereto.

The recitals in the record as to these proceedings are not as full and satisfactory as they might have been, but we are satisfied therefrom that the judgment entered on the 2d day of April was only a modification of the former one. It is true that in form the former judgment was set aside and vacated and a new one entered; but when the fact that the original judgment was for over $2,300, and the new one was of the same tenor and effect and for a sum only $90 less, is taken into consideration, justice requires that the new should be treated as a modification of the old judgment for the purpose of protecting liens acquired thereunder. For that purpose the new judgment should be held to be a continuation of the old, except to the extent that it is substantially changed. When only a modification is sought, the usual practice is to vacate the old judgment and enter a new one. Hence, the fact that in form the old judgment was vacated and a new one entered will not warrant us in holding that the rights under the old one were forfeited upon its vacation.

The undisputed proofs show that the lien under the

execution, issued upon the first judgment, attached to the property on March 9, and in our opinion the further undisputed proofs require us to hold that such lien remained in force and inured to the benefit of the execution issued upon the new judgment. It follows that the lien under the execution levy was superior to the title of plaintiff and that he was not entitled to the possession of the property.

The judgment will be reversed and the cause remanded with instructions to enter a judgment in favor of the defendants for the return of the property, or if return cannot be had, for its value.

DUNBAR, ANDERS, SCOTT and GORDON, JJ., concur.