[No. 13961. Department Two. August 29, 1917.]

HOLLAND COMPANY, *Respondent*, v. EUGENE T. AITKEN *et al., Appellants.*[1]

MORTGAGES—FORECLOSURE—ACCRUAL OF CAUSE—USURIOUS NOTE—EFFECT. Where a mortgage note was usurious to the extent of but $116, which was insufficient to pay interest due according to the terms of the note, an action to foreclose the mortgage providing therefor in case of default in interest is not premature, in view of Rem. Code, § 6255, providing that the contract shall not be void on account of usurious interest, but that certain penalties shall be deducted in any action thereon if proof be made that more than the legal rate has been contracted for or reserved.

USURY—PENALTY—AMOUNT — DEDUCTION OF "ACCRUED INTEREST." Rem. Code, § 6255, providing that the plaintiff, in an action upon a usurious note, shall only recover the principal less the amount of interest accruing at the rate contracted for, and if interest be paid, less twice the amount paid and less accrued and unpaid interest, means accrued and unpaid interest up to the time of the judgment, and not for the full term of the note.

SAME—JUDGMENT—COSTS—ON EXECUTION. The statute denying costs to plaintiff in an action upon a usurious mortgage, does not refer to costs of execution after judgment, where it became defendants' duty to satisfy the judgment and execution was necessary to enforce payment.

[1]Reported in 167 Pac. 109.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered February 15, 1916, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Morton T. Hunter*, for appellants:

*Harry L. Cohn* and *B. B. Horrigan*, for respondent.

MOUNT, J.—This appeal is from a judgment of foreclosure. The facts are not disputed.

It appears that, on the 8th day of December, 1913, the appellants executed and delivered to the respondent their promissory note for $5,800. This note was secured by a mortgage upon certain real estate in the city of Pasco. The interest reserved in the note was twelve per cent per annum, payable semiannually. At the time the loan was made, in addition to the interest reserved in the note, the respondent exacted from the appellants a commission of $116 for making the loan. The appellants paid interest on the loan on June 8, 1914, and on December 8, 1914, and thereafter defaulted in the payment of interest. The mortgage contained a clause as follows:

"And in case default be made in the performance of any of the covenants herein contained or in the payment of either the principal, or interest of said note, or any part of either principal or interest, according to the terms of said note, or upon the refusal of the mortgagors, their heirs, executors, administrators or assigns, to repay upon demand any charges made against the above described premises, or any part thereof, on account of taxes, insurance or other lawful assessments, the holder hereof and the note secured hereby may immediately declare the whole of said principal sum, interest, taxes, insurance, charges and other assessments immediately due, and may thereafter in any manner provided by law, foreclose this mortgage, for the whole amount then due on account of principal, interest, taxes, insurance, charges or other lawful assessments."

The appellants neglected to pay the interest due on June 8, 1915, and in September of that year this action was

brought to foreclose the mortgage. After a general denial, the appellants set up the fact that the note was usurious. Upon a trial of the case, the court found that the appellants executed the note for $5,800 on December 8, 1913, due three years from date, with interest at the rate of twelve per cent from date, and payable semiannually; that to secure the note they gave a mortgage upon the property in Pasco; that the mortgagors had failed to pay the interest according to the terms of the note; that the mortgagee had elected to declare the same due and payable; that the appellants paid semi-annual interest on June 8, 1914, and on December 8, 1914; and that, at the time the note was given, they had paid the mortgagee the sum of $116 as a commission for loaning the money, which was in addition to the twelve per cent allowed by law. The court concluded that the appellants were entitled to deduct the sum of $1,392, being double the interest paid on the note; the sum of $232, being double the amount paid to procure the loan; and the sum of $720.70, being unpaid interest to December 21, 1915, the date when the cause was originally set for trial, which, by stipulation of counsel, was regarded as the date of the trial of the action and the rendition of judgment. The court also concluded that the appellants were entitled to their costs, and that the respondent was entitled to a judgment against the appellants for $3,455.30, without costs or attorney's fees, which was the difference between the original loan and double the amounts paid by appellants to respondent, and ordered the foreclosure of the mortgage to satisfy this sum of $3,455.30.

The appellants have appealed from that judgment, and argue, first, that the suit was premature for the reason that, under the rule in *Lee v. Hillman,* 74 Wash. 408, 133 Pac. 583, Ann. Cas. 1915A 759, the appellants had a right to recover by independent action the difference between the amount of the interest due and the usurious interest collected. Assuming that appellants had a right to recover the usurious

interest paid, it is plain that the suit was not premature. The statute provides, at § 6255, Rem. Code, that:

"If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; . . ."

The statute, at § 6251, Rem. Code, provides that:

"Any rate of interest not exceeding twelve (12) per centum per annum agreed to in writing by the parties to the contract, shall be legal, . . ."

Since the usurious amount collected was but $116, it is apparent this amount would not pay the interest due at the time the action was brought. By the terms of the statute above quoted, it is provided that the contract shall not be void on account of usurious interest, but that certain penalties shall be deducted by the maker of the usurious note. The contract, not being void, of course, might be enforced according to the terms of the statute, and when it was admitted, as it was in this case, that the appellants had not paid the interest according to the terms of the note, the right of the respondent to foreclose his mortgage was established. The case of *Lee v. Hillman, supra,* does not decide that such a contract is void or cannot be enforced according to its terms.

It is next argued that deductions on account of usury reserved should have embraced the whole term of the loan. The statute expressly says that the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for; and if interest shall have been paid, judgment shall be for the principal less twice the amount of

the interest paid, and less the amount of all accrued and unpaid interest. This clearly means accrued and unpaid interest up to the time of judgment. It is true that in the case of *Cissna Loan Co. v. Gawley*, 87 Wash. 438, 151 Pac. 792, L. R. A. 1916B 307, we held, in substance, that, in order to determine whether a contract was usurious, the interest reserved should be considered as applying to the whole term of the contract. That rule has no application here. In the instant case, it was not necessary to consider the length of time the note was required to run in order to determine that the note was usurious, for the contract itself provided for the extreme amount which could be recovered as interest, and the respondent exacted $116 in addition thereto, which made the contract plainly a usurious one. The statute above quoted clearly means what it says, namely, that the judgment shall be for the principal, less twice the amount of interest paid, and less the amount of all *accrued* and *unpaid* interest. The words *accrued* and *unpaid* clearly refer to the time when the judgment is rendered upon the usurious instrument.

It is next argued that the court erred in confirming the order of sale of the mortgaged property, for the reason that sheriff's costs to the amount of $11.05 were included in the amount for which the property was sold, in addition to the judgment of $3,455.30. When the judgment was finally entered, it became the duty of the appellants to pay the same. It was not paid, and an execution was afterwards issued and the mortgaged property was sold, the expenses of the sale amounting to $11.05. We are of the opinion that the costs of this sale were properly taxable against the appellants as costs upon the execution, because it was the duty of the appellants to satisfy the judgment without a levy of execution. It seems reasonable, if an execution is required to issue to satisfy the judgment, the costs of that execution should be added to the amount for which the execution is issued. The statute does not refer to costs after judgment. We are of the opinion that the trial court followed the statute and en-

tered judgment accordingly, and we find no error in the record. The judgment is therefore affirmed.

Ellis, C. J., Holcomb, Fullerton, and Parker, JJ., concur.