[No. 20575.   Department Two.   August 18, 1927.]

H. A. PETER, *Appellant,* v. JOHN H. BOLING *et al.,* *Defendants,* E. L. STUVER *et al., Respondents.*[1]

[1] USURY (21)—AMOUNT OF PENALTIES.   Rem. Comp. Stat., § 7304, providing for an offset against a judgment on a usurious contract, for the amount of all accrued and unpaid interest, refers to interest accrued at the time the judgment is entered, and not to the time of demand or commencement of the action.

[2] APPEAL (492, 493) — USURY (13, 21) — MANDATE — EFFECT AND POWERS ON REMAND—RECOVERY OF USURY PAID—AMOUNT OF PENALTIES.   Where the supreme court reversed a judgment on a usurious contract, and remanded the cause with directions to allow an offset in over $5,000, for the penalty provided by Rem. Comp. Stat., § 7304, for the amount of all accrued and unpaid interest at the time of the entry of final judgment, the interest. deduction is to be computed to the time of the final judgment. on remand; since it cannot be argued that the decision on appeal was a mere modification of the judgment reversed; there being no dilatoriness on the part of the debtor in prosecuting: the appeal and entry of a final judgment.

Appeal from a judgment of the superior court for King county, Nichoson, J., entered November 23, 1926,. upon findings in favor of the defendants, in an action. upon contract, tried to the court.   Affirmed.

*Chester & Pixley,* for appellant.

*Tucker, Hyland & Elvidge (Mary H. Alvord,* of counsel), for respondents.

PARKER, J.—The plaintiff Peter commenced this action as assignee of G. G. Porter, and, in fact, for his. benefit, seeking recovery upon a promissory note, executed and delivered by all of the defendants to Porter,. evidencing a loan of $5,750 from Porter to the defendants.   The note was dated and given April 20, 1923;· by its terms it matured six months thereafter and bore:

¹Reported in 258 Pac. 467.

eight per cent interest per annum; interest in the sum of $230 being then paid for the full six months' term and, also, $750 bonus being then paid by the defendants to Porter's agent for the making of the loan. Upon the maturity of the note, the term of the loan was extended for a period of one year additional, at the same interest rate, and a new note given accordingly. For this extension, the defendants paid a bonus of $1,000 to Porter's agent. Porter, in a substantial measure, shared in both bonuses. A partial payment was later made upon the interest accruing on the note.

Upon the maturity of the new note, Peter, to whom it had been assigned by Porter for collection only, commenced this action, seeking recovery thereon against all of the defendants as makers. The defense set up by the answering defendants Stuver and wife was usury. A trial in the superior court for King county resulted in a judgment overruling that defense and awarding to the plaintiff Peter recovery for the full amount of principal and unpaid interest, according to the terms of the note, against all of the defendants. Thereupon, the defendants Stuver and wife appealed from that judgment to this court. On October 14, 1926, this court reversed that judgment, holding the note to be usurious because of the exaction of the bonuses, in addition to the interest specified in the note. This court did not decide the amount of deductions to which Stuver and wife were entitled by reason of the usurious nature of the loan, but remanded the case to the superior court by this concluding language in its opinion:

"The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment in accordance with the views hereinbefore expressed."

Thus, in effect, the trial court was directed to render judgment upon the note as being usurious and make deductions in favor of Stuver and wife accordingly, as the law directs. Upon the going down of the remittitur evidencing that decision to the superior court, that court promptly proceeded to determine the amount of deductions Stuver and wife were entitled to because of the usurious nature of the loan, and, in doing so, computed and awarded a deduction in favor of Stuver and wife, in an amount equal to "accrued and unpaid interest" up to the time of the rendering of the new judgment in pursuance of this court's decision, which judgment was rendered on November 23, 1926. From this judgment, the plaintiff Peter has appealed to this court.

[1] Counsel for appellants make but one contention here; that is, that the trial court erred in computing the interest deductions to which Stuver and wife were entitled, up until the date of the entry of this new judgment, instead of only up until the date of the entry of the former judgment which was reversed. The argument is, in substance, that, while the former judgment was reversed and a new judgment directed to be rendered making deductions because of the usurious nature of the loan, the new judgment was intended to be, in legal effect, only a modification of the former judgment, and, in legal effect, a judgment entered as of the date of the former judgment, thus calling for computation of interest deductions up until the date of the former judgment, and not later.

The portion of our usury statute, with which we are here concerned, reads as follows:

"If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater

rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; . . ." Rem. Comp. Stat., § 7304 [P. C. § 3161].

In *Holland Co. v. Aitken,* 98 Wash. 107, 167 Pac. 109, and *Boyd v. Hutton,* 121 Wash. 685, 210 Pac. 33, it was held that the computation of interest deductions, in favor of a maker of a usurious note, should be up to the rendering of the final judgment upon the note.

[2] So, our problem here is, which of these two dates, that of the rendering of the former judgment or that of the rendering of the judgment here upon appeal, is controlling. In other words, is the later judgment a mere modification of the former judgment, in the sense that it must be considered as rendered as of the date of the former judgment? Manifestly, it is not so in form, nor did our decision, reversing the former judgment, in terms direct that it should be so entered or considered. In view of the fact that this later judgment is the first and only final adjudication that the loan was usurious; and in view of the fact that it concededly awards to appellant Peter approximately $5,000 less than the former judgment awarded him, not counting interest deductions here claimed in his behalf as excessive, it seems to us that it must be considered as a judgment new and independent of the former judgment. The only decision called to our attention by counsel for appellant Peter, as lending support to a contrary view, is that of *Smith v. Delanty,* 11 Wash. 386, 39 Pac. 638, wherein a $2,300 judgment was set aside by the trial court and a new judgment entered for

$2,210, the new judgment not in terms purporting to be a modification or amendment of the former judgment. In holding that, under the circumstances there appearing, the new judgment should be in legal effect treated as a modification or amendment of the former judgment, so as to preserve lien rights acquired under the former judgment, Chief Justice Hoyt, speaking for the court, said:

"The recitals in the record as to these proceedings are not as full and satisfactory as they might have been, but we are satisfied therefrom that the judgment entered on the 2d day of April was only a modification of the former one. It is true that in form the former judgment was set aside and vacated and a new one entered; but when the fact that the original judgment was for over $2,300, and the new one was of the same tenor and effect and for a sum only $90 less, is taken into consideration, justice requires that the new should be treated as a modification of the old judgment for the purpose of protecting liens acquired thereunder. For that purpose the new judgment should be held to be a continuation of the old, except to the extent that it is substantially changed. When only a modification is sought, the usual practice is to vacate the old judgment and enter a new one. Hence, the fact that in form the old judgment was vacated and a new one entered will not warrant us in holding that the rights under the old one were forfeited upon its vacation."

That decision, it seems to us, is not of controlling effect in this case, in view of the great difference between the award of the former judgment and of this judgment, and the manifest fundamental difference in the legal basis upon which the two judgments were rested. It is argued, that this view will have the effect of encouraging dilatory tactics on the part of persons liable, in form, under usurious debt contracts; that is, such persons will be encouraged to make dilatory defenses, to the end that delay in rendering final judg-

ment against them upon such contracts will result in their acquiring increased interest deductions. We think this is not a persuasive argument against the conclusion we reach in this case, because the court has ample power, and no doubt will exercise it when warranted by conditions, to protect the creditor under such a contract against all such unfair action on the part of the debtor. This is not such a case. It is not suggested here that there was any undue delay caused by Stuver and wife in the bringing of their appeal to a final determination in this court, and we have seen that the final judgment of the superior court, here on appeal, was promptly rendered upon the going down of the remittitur from this court.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and FRENCH, JJ., concur.