[No. 12771.   Department One.   January 5, 1916.]

GERMAN SAVINGS, BUILDING & LOAN ASSOCIATION, *Respondent*, v. MELVIN LEAVENS *et al.*, *Appellants.*[1]

USURY—CONTRACTS—INSTALLMENT NOTE—PARTIAL PAYMENTS—INTEREST—COMPUTATION. The loan of $3,377, upon an installment note for $5,572, to run ten years, and calling for 120 equal monthly payments of $46.43, is not usurious; since, under the rule for applying partial payments first to the interest then due, and the balance in reduction of the principal, the payments called for amount to $465.17 less than the sum loaned, with lawful twelve per cent interest thereon, computed monthly in the manner required.

USURY—CONTRACTS—CONSTRUCTION. Upon the question of usury, where a contract is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 24, 1914, in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Edward Judd* and *O. E. Sauter*, for appellants.

*Edward Von Tobel*, for respondent.

MORRIS, C. J.—Suit to foreclose a mortgage securing the payment of a note in the sum of $5,572. Two defenses were

[1]Reported in 153 Pac. 1092.

interposed; first, that the respondent falsely represented the interest on the loan to be at the rate of six and one-half per cent per annum; and second, that the note was usurious. The lower court sustained the first defense, awarding respondent judgment for $3,377, the sum loaned, plus interest at six and one-half per cent less payments made, but denied the plea of usury. The appeal is taken from the denial of the second defense.

The only question submitted to us is whether or not the contract is tainted with usury. The material portions of the note are as follows:

"$5,572.00          Seattle, Wash., June 15, 1909.

"For value received, I promise to pay to the German Savings, Building & Loan Association the sum of Fifty-five hundred seventy-two 00-100 dollars in 120 equal monthly installments of Forty-six and 43-100 dollars. The first installment payable on the 15th day of July, 1909, and one installment on the 15th day of each and every month thereafter until the whole sum is paid. These payments are on account of a loan obtained from said German Savings, Building & Loan Association of the principal sum of thirty-three hundred and seventy-seven dollars with interest, computed upon unpaid monthly balances."

It will be observed that the amount to be repaid is $5,572, and the sum loaned is $3,377. The difference between these two sums—$2,195—represents the interest to be paid for the use of the money for ten years, the life of the loan. The question then is, Is the payment of $2,195 as interest upon a loan of $3,377 for ten years in excess of twelve per cent per annum?

Appellant contends in support of the usury plea that $2,-195 payable as interest amounts to sixty-five per cent of $3,-377, the amount loaned, or six and one-half per cent for ten years, but inasmuch as the borrower begins repaying one month after receiving the loan, and continues such payments in equal amounts and at equal periods until the whole amount

has been repaid, he would have the use of the first installment for only one month, the second installment for only two months, and so on until the last installment, of which he would have the use for the full term of ten years. This would result, it is said, in the borrower having the use of the loan for an average period of five years, which, upon the basis of six and one-half per cent for the whole use for the ten years, would mean a rate of thirteen per cent, and establish the usury. In order to reach this result, appellant proceeds upon the theory that the proportion of the $46.43 monthly payment to be applied upon the principal and interest never varies, or, using the language of the brief:

"If the gross sum of $5,572 thus divided consisted of principal and interest in the proportion of 100 to 65, then each one of the smaller payments into which it was divided must necessarily have been composed of principal and interest in the proportion of 100 to 65, so that each installment of $46.43 contained $28.14 principal and $18.29 interest."

If we accept appellants' premise, their conclusion is mathematically correct. The error of the premise is found in assuming that the respective proportion of principal and interest in the monthly payments never varies. The correct rule adopted by this court is found in *Equitable Sav. & Loan Ass'n v. Bowes*, 70 Wash. 169, 126 Pac. 436, where it was held, in considering a like contention upon a like contract, that the true rule in computing monthly payments is to compute the interest for the first month, apply the monthly payment to the same, and if the payment exceeds the interest, the remainder should be applied in payment of the principal, treating the remainder as a new principal; thus decreasing the interest each month while increasing the sum to be applied in payment of the principal. Computing the interest at twelve per cent per annum, since such rate is permissible under the statute, and applying this rule to the note for the first three months for the purpose of illustration (assuming our figures are correct), the result would be:

First month, principal.................$3,377.00
Payment ...........................　46.43
Interest ...........................　33.77
To be applied on principal............　12.66
Second month, new principal...........$3,364.34
Payment ...........................　46.43
Interest ...........................　33.64
To be applied on principal............　12.79
Third month, new principal...........$3,351.55
Payment ...........................　46.43
Interest ...........................　33.51
To be applied on principal...........　12.92

When the last or 120th payment became due, the principal would be $470.23, the interest $4.70, and the remainder to be applied on the principal, $41.73. Under this method, the total amount of interest paid would be $2,659.10, while the note states the amount of interest to be $2,195, leaving a balance of $464.10 according to our computation, or $465.17 according to the computation of respondent. This slight difference between our computation and that of the respondent is probably accounted for in the carrying out of the decimal.

Appellant makes much of this result saying, in speaking of respondent's computation, "In the course of his computation, $465.17 of the principal had evaporated, or, more correctly speaking, had been squeezed out to produce the appearance of a false percentage." This sum of $465.17 is, however, readily and correctly accounted for when we consider that the interest has been computed at twelve per cent per annum in order to ascertain whether or not the legal rate was exceeded. The result proves that the interest is $465.17 less than twelve per cent, and this amount represents the difference between twelve per cent and the fraction between eleven per cent and twelve per cent.

Counsel for appellant challenges the correctness of the computation relied upon by the court in the *Equitable Sav.*

*& Loan Ass'n* case. We have not attempted to review the calculation to ascertain whether or not it is correct. The only thing of value here to be extracted from that case is the correct rule to be applied, and in applying it we find that the rate here is less than twelve per cent, which determines the point submitted. The rule adopted in this state by the *Equitable Sav. & Loan Ass'n* case, and the one followed here, of applying the partial payments, first to the interest due, and the remainder, if any, to the principal, is the rule in general use throughout the states. *Jones-Downes Co. v. Chandler*, 13 N. M. 501, 85 Pac. 392.

It is not enough for appellant to show that the mathematical problem involved can be correctly solved and establish usury. This contention is disposed of in *Cissna Loan Co. v. Gawley*, 87 Wash. 438, 151 Pac. 792, where it is said:

"The respondents have, however, offered a number of solutions of the mathematical problem involved which lead to a contrary conclusion. But without entering into details, we think the formulas employed in making the calculation inapplicable. The contract of loan is not on its face usurious. It is made to appear so, if it so appears at all, by showing ulterior facts; by the showing that the actual consideration for the contract was a loan or forbearance of money in a sum less than the aggregate sum agreed to be repaid. Ulterior inquiry is thus permissible from the necessities of the case, since otherwise usury would always be concealed in the form of the contract, and the statute forbidding it thereby rendered nugatory. Hence the courts, in determining whether a particular transaction is usurious, disregard the form and look to the substance of the transaction. But in so doing they will not resort to refined theories, either for the purpose of making the transaction usurious, or of relieving it from usury. They will look to the substance of the transaction; they will determine the time the borrower is to have the use of the principal sum loaned, and ascertain whether the interest reserved for such time exceeds the statutory rate."

In determining whether or not a given contract for the payment of money is usurious, it is clearly the rule that, where the contract is susceptible of two constructions, the

one lawful and the other unlawful, the former will be adopted. *Ayars v. O'Connor*, 45 Wash. 132, 88 Pac. 119; *Lay v. Bouton*, 73 Wash. 372, 131 Pac. 1153. This is on the theory that presumptions of law are in favor of good faith. Men are presumed to intend to keep within the law, and if their contracts can be enforced within the law, the law will presume such was the intent and so consider it. 6 R. C. L. 839.

Finding that the rate of interest involved is less than twelve per cent per annum, our inquiry need go no further.

The judgment is affirmed.

Mount, Chadwick, Ellis, and Fullerton, JJ., concur.