[No. 3401-2.   Division Two.   November 7, 1978.]

MARIAN P. BAKKE, ET AL, *Appellants,* v. PARKER J. BUCK, ET AL, *Respondents.*

*J. Vernon Williams,* for appellants.

*Joseph C. Finley,* for respondents.

PEARSON, C.J.—The estate of Herbert Bakke appeals from a summary judgment in favor of the Bucks for $26,122.89 in usury penalties and $5,000 attorney's fees against the estate. We reverse in part and affirm in part.

During the period from 1966 to 1973, Herbert Bakke loaned the Bucks $109,000. The Bucks signed promissory notes of $35,000, $25,000, $24,000, and $25,000. Shortly before Bakke's death in 1975, the Bucks still owed approximately $92,000 on the notes and had defaulted on their payments. The personal representatives of Bakke's estate elected to accelerate the debt and sued to collect. They obtained summary judgments on the second, third, and fourth notes. The validity of those judgments has not been challenged. Rather, the issues in this appeal concern the status of the first note (Note I).

Note I was originally due in 1968, but had been extended three times, the last extension continuing until 1982. The estate claimed that the Bucks owed $26,128.85, plus 12 percent interest and $2,000 attorney's fees on this note. The Bucks counterclaimed under the usury statute for more than $52,000 in penalties and $5,000 attorney's fees. *See* RCW 19.52.030. The Bucks contended that Note I was usurious because they had paid $2,500 for the first extension agreement on the note, in addition to the note's interest rate of 12 percent, which is the legal maximum. *See* RCW 19.52.020. The estate conceded that the extension agreement was usurious, but argued that Note I was not tainted by usury because the extension agreement was separate from the note. The trial court found that Note I and the extension agreement were a single contract, tainted by usury, and granted the Bucks' counterclaim for setoff of the

usury penalties against the entire amount due on Note I, plus an excess judgment of $26,122.89, and attorney's fees.

On appeal, Bakke's estate raises two issues: (1) whether a suit brought on a promissory note which was not itself usurious, but was later extended by a usurious agreement, is subject to a counterclaim for usury on the entire note; and (2) whether an excess judgment may be had on a counterclaim for usury against an estate when a creditor's claim was not timely filed.

Repeating the argument made at trial, the estate contends that the usurious forbearance agreement is a separate agreement. Thus, it argues that suit can be had on the original debt, thereby avoiding application of the usury statute. In support of its argument, the estate relies on the general rule that a contract originally valid is not affected by a subsequent usurious transaction. This rule has been noted, in dictum, in *Weitzman v. Bergstrom,* 75 Wn.2d 693, 453 P.2d 860 (1969), *Baske v. Russell,* 67 Wn.2d 268, 407 P.2d 434 (1965), and *Hafer v. Spaeth,* 22 Wn.2d 378, 156 P.2d 408 (1945). We are convinced, however, that the general rule is not appropriate in Washington.

A close reading of the cases from jurisdictions which support the general rule shows that they depend for their rationale on statutes that make usurious contracts *void. See, e.g., In re Spiro's Will,* 280 App. Div. 982, 116 N.Y.S.2d 391 (1952). A void contract cannot legally modify or extinguish an earlier valid contract, thus the original agreement remains in effect and can be sued upon. *See, e.g.,* 45 Am. Jur. 2d *Interest & Usury* § 247 (1969) ("An obligation that is not usurious in its inception will not be vitiated by a subsequent usurious transaction with respect thereto, for the subsequent transaction, being entirely void, cannot extinguish or affect the original valid contract." (Footnotes omitted.)); 91 C.J.S. *Usury* § 62(a) (1955) ("When the statute renders the usurious renewal void, action may be brought on the original valid obligation, which is not extinguished . . ." (Footnote omitted.)).

■ RCW 19.52.030 does not void usurious contracts, or even make them voidable. Instead, it subjects the creditor to certain penalties should he attempt to enforce the contract. As a result, courts examining modern statutes such as Washington's no longer separate a usurious extension agreement from the original note. The entire transaction is considered one contract and is usurious. *Maze v. Sycamore Homes, Inc.,* 230 Cal. App. 2d 746, 41 Cal. Rptr. 338, 16 A.L.R.3d 464 (1964). In applying this rule to the case before us, we agree with the trial court's conclusion that Note I, original debt and extension, is subject to the usury penalty and that the two agreements cannot be separated. We do not undermine the reasoning or results in *Weitzman, Baske,* and *Hafer, supra.* Although the court in those cases stated that the original debt could be separated from a subsequent usurious transaction on the same debt, this statement was dictum and not part of the holding, since in each case the suit was on the second agreement.

Having determined that the trial court was correct in deciding that the entire Note I transaction was infected by usury, the question becomes: What, if any, affirmative relief are respondents entitled to receive because of this usury? Respondents, as noted above, failed to file any timely creditor's claim in the estate. As we will discuss below, this failure to file a creditor's claim requires reversal of part, but not all, of the judgment appealed from.

■ We will first discuss that portion of the judgment which can be used as setoff against respondents' obligation to appellants in the Note I transaction. It has, of course, long been the rule that the failure to file a creditor's claim does not preclude using the claim as a setoff against a demand made by the estate. The effect of such a claim is limited, however, to extinguishment of the debt setoff. *Peoples Nat'l Bank v. National Bank of Commerce,* 69 Wn.2d 682, 420 P.2d 208 (1966). This rule is the same as that which has long been applied in cases of the defensive use of claims otherwise barred by the statute of limitations. *E.g., Ennis v. Ring,* 56 Wn.2d 465, 341 P.2d 885 (1959).

Applying this rule to the present case means that, without regard to the failure to file a creditor's claim, the respondents may set off the usury penalties they were awarded against the claims of the estate on the Note I transaction. To the degree that the respondents' judgment constitutes a setoff against a debt owed to the estate, it must thus be affirmed.

We now move to consideration of the $26,122.89 excess judgment awarded to respondents and the attorney's fees awarded to respondents as a result of usury by the appellant in the Note I transaction. Unlike the sums discussed above, this portion of the judgment does not constitute a setoff against a claim made by the estate on the usurious transaction. Note I was the only transaction between the parties which was infected by usury. All claims of the estate in that transaction have already been extinguished by the setoff of usury penalties against them. The excess judgment is thus a claim against the general assets of the estate as opposed to a setoff against a specific obligation.

Since the excess judgment is a claim against the general assets of the estate, and since no timely creditor's claim was filed by respondents, the excess judgment runs afoul of the provisions of RCW 11.40.[1] An exception to the working of

---

[1]In particular, we are discussing RCW 11.40.010 and RCW 11.40.080. These statutes read:

"Every personal representative shall, immediately after his appointment, cause to be published in a legal newspaper published in the county in which the estate is being administered, a notice that he has been appointed and has qualified as such personal representative, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the personal representative or his attorney of record, and file an executed copy thereof with the clerk of the court, within four months after the date of the first publication of such notice or within four months after the date of the filing of the copy of said notice to creditors with the clerk of the court, whichever is the later. Such notice shall be published once in each week for three successive weeks and a copy of said notice shall be filed with the clerk of the court. If a claim be not filed within the time aforesaid, it shall be barred, except under those provisions included in RCW 11.40.011. Proof by affidavit of the publication of such notice shall be filed with the court by the personal representative. In cases where all the property is awarded to the widow, husband, or children as in this title provided, the notice to creditors herein provided for may be omitted." (RCW 11.40.010.)

the creditor's claim statute has been carved out in those cases involving setoff, but this exception is limited to extinguishment of the estate's claim. *Peoples Nat'l Bank v. National Bank of Commerce, supra.* Relief in excess of the amount of setoff needed to extinguish the estate's claim remains subject to the requirements of the creditor's claim statutes. Those statutes are, in essence, statutes of limitation. *In re Estate of Wilson,* 8 Wn. App. 519, 507 P.2d 902 (1973). They mandate that if a creditor's claim is not timely filed, the claim against the estate is barred. RCW 11.40.010; *Ruth v. Dight,* 75 Wn.2d 660, 453 P.2d 631 (1969). Because no timely creditor's claim was filed in this case, the excess judgment entered against the estate for $26,122.89 must be reversed since it is barred by RCW 11.40.

■ The matter of the attorney fees awarded to respondents requires some further discussion since it, unlike the excess judgment, is not barred by RCW 11.40.010 and 11.40.080. Under RCW 19.52.030,[2] the debtor is entitled to

---

"No holder of any claim against a decedent shall maintain an action thereon, unless the claim shall have been first presented as herein provided." (RCW 11.40.080.)

[2]RCW 19.52.030 provides:

"(1) If a greater rate of interest than is allowed by statute shall be contracted for or received or reserved, the contract shall be usurious, but shall not, therefore, be void. If in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the creditor shall only be entitled to the principal, less the amount of interest accruing thereon at the rate contracted for; and if interest shall have been paid, the creditor shall only be entitled to the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the debtor shall be entitled to costs and reasonable attorneys' fees plus the amount by which the amount he has paid under the contract exceeds the amount to which the creditor is entitled: *Provided,* That the debtor may not commence an action on the contract to apply the provisions of this section if a loan or forbearance is made to a corporation engaged in a trade or business for the purposes of carrying on said trade or business unless there is also, in connection with such loan or forbearance, the creation of liability on the part of a natural person or his property for an amount in excess of the principal plus interest allowed pursuant to RCW 19.52.020. The reduction in principal shall be applied to diminish pro rata each future installment of principal payable under the terms of the contract.

"(2) The acts and dealings of an agent in loaning money shall bind the principal, and in all cases where there is usurious interest contracted for by the transaction of any agent the principal shall be held thereby to the same extent as

recover penalties and, additionally, is entitled to recover costs and reasonable attorney's fees incurred in defense of a claim on a usurious transaction. In the present case, the respondents were put to the cost of defending against a claim on a usurious note. Though, because of the failure to file a creditor's claim, no affirmative relief against the creditor was obtained, this defense did result in establishment of the usurious nature of the debt sued on and the extinguishment of that debt by means of a setoff. In such a circumstance, respondents should recover their costs and reasonable attorney's fees incurred in defense of the Note I obligation only. It is not clear from the record whether the attorney's fees awarded by the trial court were only for the defense of the Note I case, or whether the trial court also awarded reasonable attorney's fees for other legal work associated with the related claims of appellants against respondents. It is, therefore, necessary to remand this matter solely for a determination of the amount of attorney's fees to be awarded to respondents for the trial court defense of the Note I claim. Respondents shall not be entitled to reasonable attorney's fees on appeal.

Appellants also point out that the note they sued upon provided for payment of reasonable attorney's fees incurred in connection with collection of it. They thus ask this court to fix reasonable attorney's fees for the Note I collection. Appellants are not entitled to this relief. While the estate has achieved a partial reversal of the affirmative relief entered against it, it has not achieved any recovery on the underlying obligation. Quite the contrary, only the working of the bar of the creditor's claim statute saved appellants from having affirmative relief entered against them. In

though he had acted in person. And where the same person acts as agent of the borrower and lender, he shall be deemed the agent of the lender for the purposes of this act. If the agent of both the borrower and lender, lender only, transacts a usurious loan for a commission or fee, such agent shall be liable to his principal for the amount of the commission or fee received or reserved by the agent, and liable to the lender for the loss suffered by the lender as a result of the application of this act." (Footnotes omitted.)

these circumstances, attorney's fees will not be awarded to appellants. Appellants shall, however, be entitled to their costs on appeal, including statutory attorney's fees.

Affirmed in part, and reversed in part and remanded for further proceedings, in accordance with this opinion, in the matter of attorney's fees for respondents.

PETRIE and SOULE, JJ., concur.

Reconsideration denied December 4, 1978.