[No. 47121–5.  En Banc.  January 14, 1982.]

KENNETH F. ROUSE, ET AL, *Appellants*, v. PEOPLES LEASING COMPANY, INC., ET AL, *Respondents*.

---

[2]In fact, the Starbucks used independent legal counsel during the transaction.

*Helsell, Fetterman, Martin, Todd & Hokanson,* by *David F. Jurca,* for appellants.

*Sax & MacIver,* by *D. Gordon Willhite* and *Culp, Dwyer, Guterson & Grader,* by *William L. Dwyer,* for respondents.

DOLLIVER, J.—This class action suit alleges the open–end automobile leases plaintiffs and those similarly situated entered into with defendant Peoples Leasing Company (PLC) were usurious. The trial court granted the defendants' motion for summary judgment, denied the plaintiffs' motion for partial summary judgment on the issue of whether the leases were substantially loans, and simultaneously decertified the class. We find the open–end leases are essentially loans and reverse the summary judgment. We remand to the trial court for determination whether the "loans" are usurious and for reconsideration of its decision to decertify the class.

The individual plaintiffs approached car dealerships seeking to lease new cars and, as is the normal practice, the plaintiffs and other customers selected cars and negotiated purchase prices with the dealer. The dealer supplied credit application forms and contacted PLC for credit approval. Upon approval of credit, PLC paid the dealer the purchase price and the customers took possession of the cars, and PLC retained title although the customers were the registered owners. The agreement is termed a "lease". The lessees can gain full title by tendering the outstanding balance, the guaranteed residual value (established at the time of the original transaction), and a termination fee.

The nine lease forms used by PLC have the following similar characteristics:

1. A term of 24 to 48 months with monthly payments;

2. The lessee assumes all risks, insures, licenses and maintains the vehicle at the lessee's own expense;

3. The lessor is guaranteed repayment of its entire capital outlay plus a predetermined profit within the term of the lease or termination; and

4. The agreements are "open–ended" in that if the vehicle is sold for less than the guaranteed residual value then the lessee is liable for the difference and, if it is sold for more, then PLC is liable to the lessee for the difference.

The plaintiffs claim these arrangements are in substance loans disguised as leases and are usurious because the "interest" exceeded the maximum allowed by statute (12 percent per annum, RCW 19.52.020; Laws of 1967, 1st Ex. Sess., ch. 23, § 4, p. 1510).

In granting defendants' summary judgment motion dismissing plaintiffs' claims, the trial court found the contract was not usurious because it could be explained by another hypothesis: *i.e.,* that the parties entered into a lessor–lessee rather than a loan relationship. It based its opinion on *Simpson v. C.P. Cox Corp.,* 167 Wash. 34, 8 P.2d 424 (1932), and *Lincoln v. Transamerica Inv. Corp.,* 89 Wn.2d 571, 576, 573 P.2d 1316 (1978) reasoning that, because the individual plaintiffs intended to lease rather than purchase and finance the vehicles and were not persuaded or coerced into accepting the agreements' terms, the agreements were not "loans" for the purposes of usury.

The plaintiffs argue subjective intent is not a proper element in determining whether the contract is a loan or forbearance and that the proper test is to look to the substance rather than the form to determine whether it is usurious. *Clausing v. Virginia Lee Homes, Inc.,* 62 Wn.2d 771, 773, 384 P.2d 644 (1963); *Hafer v. Spaeth,* 22 Wn.2d 378, 383, 156 P.2d 408 (1945). *See also Port of Longview v. Taxpayers,* 85 Wn.2d 216, 533 P.2d 128 (1974); *State ex rel. O'Connell v. PUD 1,* 79 Wn.2d 237, 484 P.2d 393

(1971).

Washington courts have held that in any case involving an alleged usurious transaction the person attempting to use usury either affirmatively or defensively must establish five elements in order to carry the burden of proof. *Liebergesell v. Evans,* 93 Wn.2d 881, 887, 613 P.2d 1170 (1980). These five elements are:

> (1) a loan or forbearance, express or implied; (2) money or its equivalent constituting the subject matter of the loan or forbearance; (3) an understanding between the parties that the principal shall be repayable absolutely; (4) the exaction of something in excess of what is allowed by law for the use of the money loaned or for the benefit of the forbearance; and, in some jurisdictions, (5) an intent to exact more than the legal maximum for the loan or forbearance.

*Hafer v. Spaeth, supra* at 382–83. The finding of all five elements indicates the transaction is usurious irrespective of the form in which the parties put the transaction. *Baske v. Russell,* 67 Wn.2d 268, 270, 407 P.2d 434 (1965).

The court thus seems to be faced with a conflict in the application of its rules: (1) substance should prevail over form to determine whether usury is present, and (2) when there is a question of usury if a contract is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. The conflict begins to unravel when an early case is examined where both rules are combined and applied to usury. That case involved a mortgage foreclosure where the defendant claimed the mortgage was usurious and presented the court with a mathematical formula for determining that the contract was usurious. The court rejected the defendant's formulation which, although it was mathematically sound, was based on an erroneous premise (that the respective proportion of the principal and interest in monthly payments never varied). *German Sav., Bldg. & Loan Ass'n v. Leavenes,* 89 Wash. 78, 153 P. 1092 (1916).

The court maintained that "[i]n determining whether or not a given contract for the payment of money is usurious,

it is clearly the rule that, where the contract is susceptible of two constructions, the one lawful and the other unlawful, the former will be adopted." *German Sav., Bldg. & Loan Ass'n,* at 82–83. However, the court, quoting from *Cissna Loan Co. v. Gawley,* 87 Wash. 438, 151 P. 792 (1915), stated that "'. . . in determining whether a particular transaction is usurious, disregard the form and look to the substance of the transaction. . . .'" because failing to do this would render usury law nugatory because usury could effectively be hidden behind a form. *German Sav., Bldg. & Loan Ass'n,* at 82.

■ On a question of usury, the court must first look at the transaction, regardless of what the parties might choose to call it, to see whether it is in fact a loan or forbearance— the first element to be proved where either party claims usury. *Hafer v. Spaeth, supra.* In making this initial determination the 2–hypotheses rule is not used. It is only after determining the transaction was in fact a loan or forbearance that the court will employ the 2–hypotheses test and uphold the lawful construction. To hold as the trial court did that the 2–hypotheses test applies to the question of whether the transaction is a loan or forbearance would allow a skillful party to negate the application of the usury laws simply by characterizing a transaction so that it would not be a loan or forbearance in form but would accomplish the same end and not be susceptible to usury laws. This is not nor should it be the law in Washington.

The reasoning above is applicable to the cases cited by the defendant. With the exception of *Simpson v. C.P. Cox Corp.,* 167 Wash. 34, 8 P.2d 424 (1932), all of the cases involved a loan or forbearance and the issue was on the characterization of the fee, or whether the party had met its burden on the five elements of usury. *See Lincoln v. Transamerica Inv. Corp., supra; Manufacturers Acceptance Corp. v. Irving Gelb Wholesale Jewelers, Inc.,* 17 Wn. App. 886, 565 P.2d 1235 (1977). *Simpson* questioned the form of the transaction as to whether the loan was for the amount borrowed ($3,000) or for the amount of the prom-

issory note ($3,000 plus guaranteed profit of $500). Even so, the court decided to look behind the form to the substance and when it saw it had to make a choice between two mathematical solutions, it chose the one that would make the contract lawful. In each instance the transaction was a loan or forbearance and the only other question was: Was it usurious?

The present case revolves on the question of whether a loan or forbearance exists. The trial court, basing its opinion on the 2–hypotheses theory, held that, because the parties clearly intended the transaction to be a lease, it must magically be turned into one. As noted previously, this triumph of form over substance, if followed, could have an emasculating effect on the usury laws. While finding intent is important in determining the computation of charges pursuant to a contract, it is irrelevant as it pertains to the determination of the transaction being a loan or forbearance as opposed to a lease.

The trial court did recognize that in *M & M Leasing Corp. v. Seattle First–Nat'l Bank,* 391 F. Supp. 1290 (W.D. Wash. 1975), *aff'd in part, rev'd in part,* 563 F.2d 1377 (9th Cir. 1977), *cert. denied,* 436 U.S. 956, 57 L. Ed. 2d 1121, 98 S. Ct. 3069 (1978) (a case in which Peoples Leasing was a codefendant), the court held that the open–end automobile lease (identical to the lease here) "is the functional equivalent of a loan on personal security." *M & M Leasing,* at 1295. The trial court found that just because it was a loan it was not necessarily usurious. This is true, for not all loans are usurious. In order that they be found usurious, all elements must be proven. *Hafer v. Spaeth, supra.* The trial court, however, did not examine whether all five elements of usury had been shown. Rather, it stated

> [m]erely because the transactions [*sic*] is comparable enough from the standpoint of the bank to say it is the "functional equivalent" of a loan does not mean it is not a lease. From the standpoint of the lessee, it clearly qualifies as a lease. It has all of the traditional elements of a lease. The law requires the contract to be held non–

usurious where it is "susceptible of two constructions" one lawful and one unlawful.

■ The transactions cannot be both loans and lease agreements. *Port of Longview v. Taxpayers, supra* at 224. We agree with Judge Morell E. Sharp who, in holding open–ended leases to be loans, stated:

> The defendant banks . . . conceive of vehicle leases as a species of legal chameleon: they resemble bona fide leases whenever resting upon a tax return or an interest disclosure form; yet they cannot be distinguished from ordinary loans when examined against the background of the National Bank Act.

*M & M Leasing Corp. v. Seattle–First Nat'l Bank, supra* at 1294–95. In categorizing the transactions of a loan, the court continued at page 1295:

> [T]he open–end motor vehicle lease, which is the usual form, is merely a variation in the traditional manner of extending credit and is the functional equivalent of a loan on personal security.

We hold as a matter of law that the open–end motor vehicle lease is the functional equivalent of a loan and that it is a "loan or forbearance, express or implied" for the purpose of the usury statutes. The case is remanded to the trial court to determine whether these transactions which are loans for the purpose of the usury statutes are usurious.

On the matter of the class action, the reason given by the trial court for decertification no longer applies given our holding. The question is remanded to the trial court for action not inconsistent with this opinion.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.

Reconsideration denied April 28, 1982.