[No. 15100–2–I.   Division One.   August 6, 1986.]

A. RICHARD GEMPERLE, ET AL, *Respondents,* v. DON
CROUCH, *Appellant.*

*Charles K. Wiggins* and *Edwards & Barbieri,* for appellant.

*Kevin P. Sullivan* and *Weinrich, Gilmore & Adolph,* for respondents.

GROSSE, J.—In this case the appellant attempts to avoid the draconian penalties of our State's usury statute which were applied by the trial court on summary judgment. Despite almost heroic efforts on appeal, appellant's arguments must be rejected.

Insofar as pertinent, the facts are as follows:

Appellant loaned respondents $50,000. It is undisputed that the loan was for commercial purposes. Respondents signed a commercial note evidencing the indebtedness. The note was due and payable 180 days from February 6, 1981. The note specified interest at 2.25 percent per month commencing on March 6, 1981, and increasing to 2.50 percent per month after 90 days. Respondents made monthly payments of the interest due at the 2.25 percent rate through January of 1983. Respondents did not pay the principal on August 6, 1981, as required by the face of the note. On January 31, 1983, appellant called the note and respondents then filed an action seeking declaratory relief wherein they alleged that the note was usurious and a violation of the Consumer Protection Act. The trial court agreed and granted judgment in the amount of $33,704.75 in favor of respondents. The trial court's calculations of the penalties provided by statute are at issue on this appeal and set forth in the appendix.

■ A recent and cogent summary of the elements of usury and the burden of proof appears in *Aetna Fin. Co. v. Darwin*, 38 Wn. App. 921, 691 P.2d 581 (1984). The *Aetna* court reiterates the elements of usury.[1] The court further states at pages 924–25 that where a loan or forbearance is, on its face, usurious, the burden is on the lender to establish a right to the $50,000 exemption with respect to loans

---

[1] Those elements are: "(1) a loan or forbearance, express or implied, of money or other negotiable tender; (2) an understanding between the parties that the principal must be repaid; (3) the exaction of a greater rate of interest than is allowed by law; and (4) an intention to enter into the transaction." *Aetna Fin. Co. v. Darwin*, 38 Wn. App. 921, 923–24, 691 P.2d 581 (1984).

made exclusively for business purposes.[2] The *Aetna* court further correctly holds that the 2–hypotheses rule[3] does not apply to a loan agreement which is usurious on its face. The amount of the transaction which is referred to in the statute is the principal amount of the loan, defined by the substance of the agreement, not by form. A charge for interest is not part of the loan transaction regardless of what the parties may choose to call the charge.[4] This holding in *Aetna* is dispositive of appellant's contention that the loan in the present case exceeds $59,000 in amount because the note called for interest.

In the case sub judice the loan was usurious on its face. The note called for and reflected a loan of the principal amount of $50,000 at a rate substantially in excess of the statutory rate under circumstances where it was clear that the principal was to be repaid and that both parties intended the transaction. The only issue going to the substance of this transaction not answered by *Aetna* is whether or not appellant's forbearance in calling the note after its due date constituted a new transaction such that the 1981 amendment to RCW 19.52.080 would apply. Even if we were to construe the forbearance of a lender in these circumstances to be a "forbearance" as the term is used in the context of RCW 19.52.010 and the applicable case law, we could not accept the invitation to remove this transaction from the proscription of the statute because that forbearance to call the note and accelerate it pursuant to its terms

---

[2]RCW 19.52.080 was amended effective May 8, 1981 (RCW 19.52.900) to exempt from the usury statutes all subsequent commercial transactions. Laws of 1981, ch. 78, § 2.

[3]The "2–hypotheses rule" of contract construction is that "where the contract is susceptible of two constructions, the one lawful and the other unlawful, the former will be adopted." *Rouse v. Peoples Leasing Co.*, 96 Wn.2d 722, 726, 638 P.2d 1245 (1982) (quoting *German Sav., Bldg. & Loan Ass'n v. Leavens*, 89 Wash. 78, 82–83, 153 P. 1092 (1916)). It does not apply in usury cases where it would permit a usurious transaction to escape the usury laws by exalting form over substance. *Rouse*, at 726–27.

[4]*Aetna Fin. Co. v. Darwin*, 38 Wn. App. 921, 926, 691 P.2d 581 (1984).

would not "disinfect the indebtedness infected with usury existing in the original transaction"; it thus would not be "*a new, clean and different transaction.*" *See Clausing v. Virginia Lee Homes, Inc.,* 62 Wn.2d 771, 775, 384 P.2d 644 (1963).

We are compelled to hold that appellant's loan was usurious and thus subject to the statute's penalties. RCW 19.52.030 provides the formula for computing the penalty. It provides that (1) the creditor shall only be entitled to the principal less the amount of interest accruing on the principal at the contracted rate or (2) if interest has been paid and has not simply accrued then the creditor shall only be entitled to the principal less twice the amount of interest paid as well as the amount of all accrued and unpaid interest. The debtor is entitled to costs and reasonable attorney's fees plus the amount by which the amount he has paid under the usurious agreement exceeds the amount to which the creditor is entitled under either of (1) or (2) above.

As is apparent from the appendix, the trial court determined that the creditor was entitled to a negative amount: $6,250. As a result, appellant argues respondents received some $9,000 more than they should have received. On this argument we are inclined to agree with appellant. It defies both common sense and logic to conceive of a person being "entitled" to a negative. Indeed, reference to the dictionary demonstrates that when one is "entitled" one has a "right to something".[5] "Something" means a real or actual thing, as opposed to being an appearance; or more appropriately, it is a thing that can be possessed or owned. Negative amounts of money cannot be possessed or owned; they are merely balance sheet entries. In addition, the concept of a negative entitlement is simply outside the sense and structure of the act. Therefore, we believe that the correct calculation of the penalties results in reducing the amount to which the creditor is entitled in this case to zero result-

[5]*Webster's Third New International Dictionary* 758 (1981).

ing in a judgment for respondents of $24,750 rather than the $33,704.75 ordered. On remand, the judgment should be corrected accordingly.

■ Appellant has raised additional issues which we believe to be without substantial merit. Appellant asserts that the respondents failed to bring their action within the 6–month time limit imposed by RCW 19.52.032.[6] Apart from arguments relating to whether or not this issue was properly raised and when, the very language of the statute answers the question. The statute contemplates that the date on which a final payment may be due can be changed by later events or by agreement of the parties because it requires that the action be commenced within 6 months "following the date the final payment becomes due, whether by acceleration or otherwise . . ." Appellant's continued acceptance of interest until calling the note in January of 1983 is entirely inconsistent with his contention that respondents were somehow required to bring their action within 6 months of the August due date. A contrary result would be entirely inconsistent with prior case law. *See, e.g., Strong v. Sunset Copper Co.,* 9 Wn.2d 214, 221, 114 P.2d 526, 135 A.L.R. 423 (1941) (cause of action for nonpayment does not accrue until the period of extension expires); *Miller v. Miller,* 90 Wash. 333, 342, 156 P. 8 (1916) (statutory limitation against an action on a note begins to run upon the expiration of the period for which interest is paid).

Appellant also argues laches. However, our view of the record indicates a complete failure on the part of appellant to make any factual showing to support the defense.

---

[6]RCW 19.52.032 provides in pertinent part:

"The debtor, if a natural person, or the creditor may bring an action for declaratory judgment to establish whether a loan or forbearance contract is or was usurious, and such an action shall be considered an action on the contract for the purposes of applying the provisions of RCW 19.52.030. . . . No such an action shall be commenced after six months following the date the final payment becomes due, whether by acceleration or otherwise, nor after six months following the date the principal is fully paid, whichever first occurs."

Indeed, the only inference that arises from the facts of this case is that immediately upon appellant calling his note in January of 1983, respondents moved promptly by filing a declaratory judgment action with respect to the issues. There is nothing to indicate that respondents would not have continued to pay interest except appellant's allegation that respondents told him they had been in contact with attorneys relative to the usurious nature of the instrument. However, even this contact was relatively contemporaneous with appellant's calling the note. Where the party moving for summary judgment has established there is no issue of material fact, as here, the opponent must respond and show there is a genuine issue for trial. CR 56(e). *See Meyer v. UW*, 105 Wn.2d 847, 719 P.2d 98 (1986); *Brame v. St. Regis Paper Co.*, 97 Wn.2d 748, 751–52, 649 P.2d 836 (1982). No such factual issue was raised by appellant. Since the undisputed facts do not permit an inference which would support the defense of laches, summary judgment was appropriate.

The case is remanded only for a recalculation of the usury penalty consistent with this opinion. In all other respects, the trial court is affirmed.

### APPENDIX

| THE STATUTE | PENALTY CALCULATIONS | CREDITOR'S CREDIT FOR PRINCIPAL |
|---|---|---|
| "Creditor" (Crouch shall only be entitled to the principal) | | $50,000 |
| "Less twice the amount of interest paid" (determined by the trial court on date of entry of final judgment of July 28, 1983) (22 x $1,125 x 2) | $(49,500.00) | |
| "And less the amount of all accrued and unpaid interest" (6 interest–only payments of $1,125 accrued through entry | | |

| | | | TOTAL DUE DEBTOR |
|---|---|---|---|
| of final judgment on July 28, 1983) (6 x 1,125) | (6,750.00) (56,250.00) | | |
| [Amount Creditor Entitled] | | (56,250.00) $(6,250.00)* | |
| "and" | | | |
| "The debtor (Gemperles) shall be entitled to costs" | | | $104.75 |
| "And reasonable attorney's fees" (determined by the court) | | | 2,600.00 |
| "plus" | | | |
| "The amount by which the amount he has paid under the contract" ($24,750) | | | 24,750.00 |
| "Exceeds the amount to which the creditor is entitled" (from above) | | (6,250.00)* | (6,250.00) |
| TOTAL AMOUNT OF JUDGMENT IN FAVOR OF DEBTOR (GEMPERLES) | | | $33,704.75 |

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied September 15, 1986.

Review denied by Supreme Court January 6, 1987.