[No. 20566–8–I. Division One. August 1, 1988.]

VIRGINIA G. HANSEN, *Appellant,* v. FRED DOERFLEIN, *Respondent.*

*Tarl R. Oliason, Robert McKisson, Jr., and McKisson & Sargent, for appellant.*

*John E. Woodbery, John H. Darrow, and Ruthford & Woodbery, for respondent.*

PEKELIS, J.—Virginia G. Hansen appeals from the entry of summary judgment in favor of Fred Doerflein, d/b/a the Northwest Piano and Organ Trust. Hansen contends that the trial court erred in limiting the statutory penalty period for usury to the 1–year term of the usurious promissory note and holding her liable for interest payments accruing after the due date of the note. We reverse and remand for recalculation of the penalty.

I

The issues raised by this appeal are whether a promissory note's default provision setting forth a legal rate of interest merges with the usurious loan provisions of the note to create a single usurious transaction, and, if so, how the usury penalty should be calculated.

In 1980, Virginia Hansen approached Fred Doerflein with a request for a loan in order to help save her home from foreclosure. Doerflein agreed to make the loan through the Northwest Piano and Organ Trust, of which he is the trustee. A 2–year promissory note was executed by the parties in a principal amount of $12,000 bearing interest at 12 percent.

The note became due on February 26, 1982, at which time Hansen was unable to pay and Doerflein agreed to an extension. Hansen's attorney drafted a new note signed by the parties for a principal amount of $15,052.80, representing the original principal plus accrued interest. The second note was due 1 year later, on February 26, 1983. It bore interest at 18 percent, which exceeded the maximum rate of

interest permissible under Washington law for that period, 17.28 percent. After maturity or after failure to pay any interest payment, the note specified a 12 percent per annum interest rate. It also included a provision that the debtor should pay the creditor's attorneys' fees if such expenses became necessary to collect the debt.

Hansen again failed to pay the note when it became due in February 1983. Doerflein took no action to collect on the note. In August 1986, Hansen sued for usury under RCW 19.52 and for violation of the Consumer Protection Act, citing RCW 19.86.140. Doerflein then filed suit to foreclose on the mortgage that secured the note, and the two actions were consolidated.

On cross motions for summary judgment, the trial court granted Doerflein's motion and ordered that the mortgage be foreclosed.[1] The trial court also held, however, that the note was usurious and that therefore the statutory penalties of RCW 19.52.030 should be applied in arriving at the principal sum due. The court apparently penalized Doerflein by deducting the total interest payments due on the principal amount of $15,052.80 for 1 year at 18 percent. However, the court held that the contract provision for payment of interest at 12 percent after the first year was enforceable. Hence, interest calculated at 12 percent was added to the principal amount. By the court's calculation, Doerflein was entitled to $15,765.35.

## II

Hansen contends that the proper calculation of the usury penalty should be at the rate of 18 percent per annum of the principal amount through the date of this court's decision, or through the date of entry of the trial court's judgment on remand. Doerflein contends, on the other hand, that the usurious term of the contract was only for 1 year,

---

[1]The trial court dismissed Hansen's complaint for usury and for violation of the Consumer Protection Act as untimely filed under RCW 19.52.032 and 19.86.120.

and therefore the penalties should be limited to that period of time.[2]

A party attempting to establish usury either affirmatively or defensively must establish five elements to sustain the burden of proof. *Rouse v. Peoples Leasing Co.,* 96 Wn.2d 722, 725, 638 P.2d 1245 (1982). The elements are:

> (1) a loan or forbearance, express or implied; (2) money or its equivalent constituting the subject matter of the loan or forbearance; (3) an understanding between the parties that the principal shall be repayable absolutely; (4) the exaction of something in excess of what is allowed by law for the use of the money loaned or for the benefit of the forbearance; and, in some jurisdictions, (5) an intent to exact more than the legal maximum for the loan or forbearance.

*Rouse,* 96 Wn.2d at 725 (quoting *Hafer v. Spaeth,* 22 Wn.2d 378, 382–83, 156 P.2d 408 (1945), *overruled on other grounds in Whitaker v. Spiegel, Inc.,* 95 Wn.2d 661, 623 P.2d 1147, 637 P.2d 235, *appeal dismissed,* 454 U.S. 958, 70 L. Ed. 2d 374, 102 S. Ct. 496 (1981)); *Aetna Fin. Co. v. Darwin,* 38 Wn. App. 921, 923–24, 691 P.2d 581 (1984), *review denied,* 103 Wn.2d 1019 (1985).

The word "loan" means an advancement of money under a contract whereby the person to whom the advancement is made binds himself to repay it at some future time, together with such other sum as may be agreed upon for the use of the money advanced. *See Hafer,* 22 Wn.2d at 384. The word "forbearance" in this context means a contractual obligation of a lender or creditor to refrain, during a given period of time, from requiring the borrower or debtor to pay a loan or debt then due and payable. *Hafer,* 22 Wn.2d at 384.

The usury laws are quasi penal. Thus, the courts will not hold a contract to be usurious unless upon a fair and reasonable construction of all of its terms it is manifest that usury was intended. *Simpson v. C.P. Cox Corp.,* 167 Wash. 34, 37, 8 P.2d 424 (1932). If two reasonable constructions

---

[2]The parties agree that the note was usurious during the 1–year term.

are possible, one lawful and the other unlawful, the former will be adopted. *O'Brien v. Shearson Hayden Stone, Inc.,* 90 Wn.2d 680, 689, 586 P.2d 830 (1978), *adhered to on rehearing,* 93 Wn.2d 51, 605 P.2d 779 (1980); *Simpson,* 167 Wash. at 37. This is known as the "2–hypotheses rule." *See Aetna,* 38 Wn. App. at 925.

The statute setting forth the penalty for usury provides:

> If a greater rate of interest than is allowed by statute shall be contracted for or received or reserved, the contract shall be usurious, but shall not, therefore, be void. If in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the creditor shall only be entitled to the principal, less the amount of interest accruing thereon at the rate contracted for . . .

RCW 19.52.030.

RCW 19.52.030 does not void usurious contracts. Rather, it subjects the creditor to certain penalties should he attempt to enforce the contract. *Bakke v. Buck,* 21 Wn. App. 762, 765, 587 P.2d 575 (1978). As a result, in *Bakke* this court refused to separate a usurious extension agreement from an original note bearing a legal rate of interest, holding that the entire transaction was one contract and usurious. *Bakke,* 21 Wn. App. at 765. Similarly, in *Libert v. Unfried,* 47 Wash. 186, 91 P. 776 (1907), the court applied the statutory usury penalty to a $5,000 loan made at a legal rate as well as to an additional note for $1,000 which was held to be a further exaction for the loan, making the entire transaction usurious. *See Libert,* 47 Wash. at 187–88, 190–92. The court held that the penalty statute was designed "to compel the money lender who makes an usurious loan to credit his debtor with *every dollar of accrued value which he has contracted to receive* as compensation for the debtor's use of the money actually loaned." (Italics ours.) *Libert,* 47 Wash. at 192.

Initially, it is clear that there was no obligation by Doerflein to refrain from requiring Hansen to pay after the maturity date. Thus, this transaction meets the elements of

usury, and the entire transaction was a "loan" rather than a "forbearance." Because this loan contract is usurious on its face, the "2–hypotheses rule" does not apply. *See Aetna,* 38 Wn. App. at 925. The default provision merges with the loan terms to create one usurious transaction. *See Bakke,* 21 Wn. App. at 765. Therefore, we hold first that the trial court erred in not applying a penalty through the date of final judgment.[3]

The next question is how to calculate that penalty. We do not agree with Hansen that the appropriate penalty rate for that entire period should be 18 percent. Under RCW 19.52.030, the penalty shall be calculated "at the rate contracted for". Furthermore, under *Libert,* the debtor is entitled only to a credit for the amount "of accrued value" the creditor "contracted to receive." *Libert,* 47 Wash. at 192. Doerflein did not contract to receive interest at 18 percent during the period that this note was in default. After the 1–year term, 12 percent was the "contracted for" rate. Therefore, we hold that a penalty computed at 18 percent should be applied for 1 year and at 12 percent thereafter through the date of final judgment on remand.[4]

We decline to accept counsel's invitation to modify the judgment by recalculating the penalties on appeal. Rather, we reverse and remand to the trial court for a recalculation of the appropriate penalty consistent with this opinion.

### III

Both parties seek attorneys' fees on appeal. Hansen is entitled to costs and reasonable attorneys' fees under RCW

---

[3]Usury penalties are to be applied to interest accrued at the time final judgment is rendered upon the note. *See Clausing v. Virginia Lee Homes, Inc.,* 62 Wn.2d 771, 776, 384 P.2d 644 (1963); *Peter v. Boling,* 144 Wash. 652, 655, 258 P. 467 (1927); *Holland Co. v. Aitken,* 98 Wash. 107, 111, 167 P. 109 (1917). In both *Clausing* and *Peter,* the date of final judgment was determined to be the date upon which "the remittitur is sent down", *Clausing,* 62 Wn.2d at 776, that is, the date of final judgment on remand.

[4]In no event should the penalty applied exceed the principal amount of $15,052.80. *See Gemperle v. Crouch,* 44 Wn. App. 772, 775–76, 724 P.2d 375 (1986), *review denied,* 107 Wn.2d 1022 (1987).

19.52.030. She has complied with RAP 18.1, and we therefore award her $5,398.28 in attorneys' fees and costs.

Doerflein bases his claim for fees on the contract clause under which he may recover fees in connection with the collection of the debt. A lender who sues to enforce a usurious loan contract may not recover attorneys' fees or costs, however, regardless of contrary contract terms. *Aetna,* 38 Wn. App. at 929–30. Doerflein must therefore bear his own attorneys' fees and costs.

Reversed and remanded.

WILLIAMS, J., and COLE, J. Pro Tem., concur.